CLAY, Circuit Judge,
concurring.
I agree with the majority opinion that Treesh has failed to present clear and convincing evidence that Officer Janusczak did not properly administer the Miranda warnings to Treesh upon his arrest. However, I write separately to note that there might be other cases containing multiple sets of warnings where later inaccurate warnings render any subsequent statements inadmissible under Miranda because they create confusion as to whether the suspect was misled or confused regarding his Miranda rights.
In the instant case, Officer Janusczak testified that immediately after he handcuffed Treesh, he recited the full Miranda warnings and asked Treesh whether he understood his rights. Treesh gave no response. Officer Janusczak began to repeat the warnings, whereupon Treesh turned and said “Yeah, yeah, I know.” (J.A. at 3528; Supp. Tr. at 15). On cross-examination, Officer Janusczak further testified that he “make[s] it a point to mirandize everybody [he] arrest[s],” regardless of whether he plans to interrogate them. (J.A. at 3538, Supp. Tr. at 25). Petitioner’s only evidence to the contrary is his denial that he received Miranda warnings upon arrest. Based on this evidence, we cannot dismiss the state court finding that Officer Janusczak properly administered the Miranda warnings to Treesh and that Treesh responded with a statement indicating that he knew and understood those rights. Furthermore, because the circumstances between the arrest and the interrogation two hours later had not changed so significantly that the officers in this case were required to read-vise Treesh of his Miranda rights under Wyrick v. Fields, 459 U.S. 42, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982), Treesh’s subsequent statements were not made in violation of his Miranda rights.
Nonetheless, I hesitate to adopt, as the majority does, the state court’s finding that the defective warnings given to Treesh by Lieutenant Doyle at the outset of his interrogation “reminded” Treesh of the previously administered correct warnings. Treesh’s statements are admissible not because the partial warnings were an adequate reminder of Treesh’s rights, but because the officers were not required to readvise Treesh of his rights under these circumstances. Conversely, in a case where a suspect has not clearly acknowledged that he understood his rights and a *440 later set of inaccurate warnings could have counteracted the accurate warnings or confused the suspect as to the true nature of his rights, his subsequent confession could be inadmissible.
In addition, I write separately to note that I concur with the majority’s conclusion that Treesh is not entitled to an expansion of his COA on his lethal injection claim, but for a different reason. Treesh has already submitted a COA application to this Court, which was denied on September 2, 2008, in which he did not ask this Court to grant a COA on this claim. Thus, Treesh has forfeited this claim.
For the foregoing reasons, I respectfully concur.